UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANNATECH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: **3:10-CV-533-O** |
| | § | |
| COUNTRY LIFE, LLC, et. al, | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Roex, Inc.'s Motion to Sever and Transfer Venue (ECF No. 78) and Defendant VDF Futureceuticals, Inc's Motion to Join Defendant Roex, Inc.'s motion (ECF No. 90). After reviewing the motions, the parties' briefs, and the applicable law, the Court will deny the defendants' respective motions.

## I.  Background

This is a patent infringement case. Plaintiff Mannatech, Inc. alleges infringement of four United States patents it owns by eleven separate defendants, including Roex and VDF. Mannatech's Amended Complaint discloses that Mannatech is a corporation organized and exiting under the laws of the State of Texas, with its principal place of business at 600 South Royal Lane, Suite 200, Coppell, Texas 75019. Roex is a corporation organized and existing under the laws of the State of California, with its principal place of business at 16841 Armstrong Avenue, Irvine, California 92606. VDF is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 819 North Dixie Highway, Momence, Illinois 60954. Seven of the eleven defendants were dismissed from the case after entering into

agreed judgments, enjoining them from activities alleged to infringe on Mannatech's patents. Another defendant was dismissed from the case without prejudice on Mannatech's motion. Three defendants remain, Roex, VDF, and Country Life, LLC.

Mannatech initiated this action in the Dallas Division of the Northern District of Texas and both Roex and VDF have answered the complaint. Roex asks the Court to sever it from this case and transfer Mannatech's claim against it to the Central District of California. VDF seeks to join Roex's motion to transfer to the Central District of California but takes no position on the motion to sever. Mannatech opposes both motions.

**II.     Analysis**

A.     <u>Severance</u>

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants in a single action if (1) any claim asserted against each of them arises out of the same transaction, occurrence, or serious of transactions or occurrences, and (2) there is any question of law or fact common to all defendants that will arise in the action. Rule 21 provides that where a party has been misjoined, a court may sever the claim against that party and proceed with it separately. A party is misjoined when either of the preconditions for permissive joinder set forth in Rule 20(a)(2) are absent. *Afabor v. RaceTrac Petroleum, Inc.*, No. 3:05-CV-2255, 2006 WL 1343636 *2 (N.D. Tex. May 15, 2006); *El Aguila Food Prods., Inc. v. Gruma Corp.*, 167 F. Supp.2d 955, 958 (S.D. Tex. 2001). The court has broad discretion to sever an action if it is misjoined. *El Aguila Food Prods.*, 167 F. Supp.2d at 958 (citing *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n11 (5th Cir. 1995)). Although the Fifth Circuit has yet to endorse a specific test with regard to the first requirement of Rule 20(a)(2), whether claims are within the "same transaction

or occurrence," several district courts in the Fifth Circuit have applied the logically related test from the Eight Circuit in *Moseley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414 *1 (E.D. Tex. Sept. 22, 2009). Under this test, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosely*, 497 F.2d at 1333. Thus, a party may bring "all reasonably related claims for relief by or against different parties to be tried in a single proceeding . . . [a]bsolute identity of all events is unnecessary." *Id*. Under the second requirement of Rule 20(a)(2), joinder is appropriate as long as there is a common question of fact or law among all the defendants. *Adrain*, 2009 WL 3063414 *1.

The Court is satisfied that Roex's and the other defendants' alleged infringing acts arise out of the same transaction or occurrence. Roex has been joined with two other unrelated defendants, VDF and Country Life, all of whose products allegedly infringe the same patent, Patent Number 6,929,807 ("807 patent"), entitled "Compositions of Plant Carbohydrates as Dietary Supplements." Am. Compl.13, ECF No. 41. All of the defendants' allegedly infringing products are dietary supplement products that allegedly embody the invention disclosed and claimed in the 807 patent. *Id*. Therefore, the Court finds that Roex's and the other defendants' alleged infringement arise out of the same transaction or occurrence, satisfying the first requirement of Rule 20(a)(2).

The Court also concludes that there are common questions of law and fact regarding the claims against all defendants, including Roex. The validity and scope of the 807 patent is a question of law common to all defendants in this case. *See Adrain*, 2009 WL 3063414 *2.

3

Therefore, the Court finds that the second requirement of Rule 20(a)(2) is also satisfied. Accordingly, the claims against the defendants have not been improperly joined. Defendant Roex's Motion for Severance should be and is hereby **DENIED**.

B.    Transfer

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue under § 1404(a) should be granted upon a showing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)). Assuming the transferee venue is a proper venue in which the plaintiff originally could have filed suit, the court should look to the public and private interest factors to determine which venue is more convenient. *Id*. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial easy, expeditious, and inexpensive. *Id*. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law. *Id*. Also, the existence of multiple lawsuits involving the same issues is a paramount consideration when considering whether a transfer is in the interest of justice. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Defendants Roex and VDF seek to transfer this case to the Central District of California.

The third defendant, Country Life, does not appear to take a position on the motions to transfer. Mannatech opposes transfer of the case. Roex, as noted *supra*, is a California company with its principal place of business located there. Roex claims to have researched, developed, and manufactured its allegedly infringing product in California were key documents and witnesses, some not subject to the subpoena power of this Court, are located. Roex denies having any business operations or employees in Texas and claims that it has sold twice as much of the allegedly infringing product in California as it has in Texas.

Defendant VDF, as noted *supra*, is an Illinois corporation with its principal place of business there. However, aside from Illinois VDF claims that it has a research laboratory and a sales office located in California. Moreover, VDF's allegedly infringing product was marketed and sold through VDF's California sales office. VDF also reminds the Court that it has engaged, as counsel of record in this case, its long-time intellectual property counsel located in California. VDF further claims that it has no operations or employees in Texas and none of its products have been researched, developed, created, or tested in Texas, nor does VDF store any documents or other things here. Overall, VDF argues that it has far more significant contacts with California than Texas, and thus joins Roex's motion to transfer this case to the Central District of California. Neither defendant, VDF nor Roex, make any attempt to show that venue would be proper in the Central District of California with regard to Country Life.

Plaintiff Mannatech, is a Texas corporation with its principal place of business in Coppell, Texas. Mannatech claims that many of the potential non-party witnesses with regard to relevant issues in this case, including the validity, scope, and enforceability of the 807 patent are located in or near the Northern District of Texas. Likewise, Mannatech, discloses several

potential party witnesses who also live and work in or near the Northern District of Texas. Since the parties do not dispute that Mannatech could have brought its claims against Roex and VDF in the Central District of California, the Court will move directly to consideration of the relevant public and private interest factors.

Mannatech, Roex, and VDF focus their private interest factor arguments on the location of their respective witnesses and the ease of access to documents and other sources of proof that will likely be relevant to the merits of this case. All three parties, in particular Mannatech and Roex, present persuasive and credible reasons why it would be both inconvenient and expensive for them to litigate in the other's preferred forum. Mannatech argues that all of the evidence and witnesses relevant to the 807 patent itself are located in the Northern District of Texas. On the other hand, Roex, and to a lesser extent, VDF, argue that all of the evidence and witnesses relevant to their allegedly infringing products are located in the Central District of California. Despite these arguments, a decision to transfer venue must not simply shift the expense and inconvenience of litigating in a particular venue from one party to the other. *Mannatech, Inc. v. K.Y.C., Inc.*, No. 3:06-CV-813, 2006 WL 2216033 *3 (N.D. Tex. Aug. 3, 2006) (quoting *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 (N.D. Tex. 1987)). Therefore, the Court finds that the private interest factors do not favor transfer to the Central District of California any more than they favor maintaining venue in the Northern District of Texas.

Likewise, the public interest factors do not heavily favor transfer to the Central District of California. Roex points out that the time to trial statistics in the Central District of California differ favorably by a few months when compared to the same numbers in the Northern District

of Texas. However, the Court finds that any such difference is negligible at best. Roex also points to the fact that it has sold more of its allegedly infringing product in California than in Texas and thus a California jury might have more interest in adjudicating the dispute than a Texas jury. The Court is not persuaded; Roex has also sold a substantial amount of the allegedly infringing product in Texas, and Mannatech, the patent-holder, maintains its principal place of business in Texas. It is not clear that a California jury would have any more interest in adjudicating this dispute than a Texas jury. The last two factors, familiarity with the applicable law and possible conflicts of law issues, are irrelevant. The applicable law is federal patent law and the parties have not directed the Court to any serious conflict issues. Therefore, the public interest factors do not support a transfer to the Central District of California.

Accordingly, the Court finds that neither Roex nor VDF have show good cause to transfer this case from the Northern District of Texas, where Mannatech filed the suit, to the Central District of California where defendants Roex and VDF would prefer to litigate. As a result, Roex's motion to transfer venue should be and is hereby **DENIED** and VDF's motion to join that motion should be and is hereby **DENIED**.

**SO ORDERED** on this **26th** day of **July, 2010.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**